73  381
103  430

ALFRED L. MILLARD v. JEROME TRUAX.

[See 47 Mich. 251; 50 Id. 343[1].]

*Occupancy of premises—Rents and profits—Improvements—Interest on interest.*

1. Where a possession has been taken under color of right, and honestly, it is not by any means settled that in a court of equity the tenant shall account for actual or possible rents and profits on the footing of a wrong-doer; and while improvements are not generally required to be paid for otherwise, it is very common to allow them to be deducted from rents and profits, as far as these suffice. *Graydon v. Church,* 7 Mich. 36.

   So *held,* where redemption was decreed as against a party in possession under an irregular statutory foreclosure, which he supposed to be regular, and under which title he had made improvements and paid taxes on the land, which taxes were allowed to him on the accounting, but he was charged with rents and profits.

2. An allowance of interest on installments of interest maturing on notes, and not shown by the record to have been payable simultaneously with the principal, where the mortgage covenanted for such payment, and the statute allowed it, is sustained; and the fact that the notes were dated and executed in another state will not affect the right to recover such interest.

Appeal from Ingham. (Gridley, J.)   Argued January 8, 1889.   Decided January 18, 1889.

Bill to redeem a mortgage.   Complainant appeals. Affirmed.   The·facts are stated in the opinion.

*A. L. Millard,* in *pro. per.,* for complainant.

*S. L. Kilbourne,* for defendant.

---

[1] For a full statement of facts, see *Millard v. Truax,* 50 Mich. 343.

CAMPBELL, J.   Complainant, as grantee of a title once
belonging to Clark Cummings, filed his bill to redeem a
mortgage made by Cummings to defendant on December
20, 1876, for $2,550, with semi-annual interest at 10 per
cent.   The circuit court for the county of Ingham,
where the bill was filed, found there was due a principal
sum of $2,000, and interest to the further amount of
$1,733.22, or in all, $3,733.22, at the date of the commis-
sioner's report.   It was further found that defendant was
liable for rents and profits, before and after the report,
to the amount of $1,369.   Defendant was allowed $187.54
for taxes.   The final decree seems to make no further
allowances to defendant.

From this decree complainant, but not defendant,
appeals.   The grounds of appeal urged were the including
in the computation of a $500 note, claimed to have been
paid; the allowance of interest on unpaid installments of
interest from their date of maturity; and the allowance
for taxes.

The failure of the defendant to appeal makes it impos-
sible to revise the decree so as to increase the sum to be
paid him.   But it would not be right to cut down that
sum by isolating any item from the rest, and treating it
as it might have been proper to treat it under other cir-
cumstances.   The only reason which can be set up
against refunding taxes is that a party in possession is
usually liable to be taxed.   But in this case the court
below required defendant to pay rent for his occupancy,
and a tenant liable for rent is not generally bound to
pay taxes.   There are, however, further facts that ought
not to be disregarded.   Defendant was in possession, and
had been for many years, under title through statutory
foreclosure.   That he supposed it was regular, when he
went into possession, we think is evident.   That he was
in actual fault for not knowing of the effect of what we

must now assume to have been irregular cannot be fairly held, since he employed able counsel, who acted on what they supposed to be the law.    We cannot go behind this decree to examine into any further equities that he may have had, but he acted as if he thought the property his own, and expended money and the value of money on it, which has to some considerable extent, as the commissioner found, benefited the estate.    Where a possession has been taken under color of right, and honestly, it is not by any means settled that in a court of equity the tenant shall account for actual or possible rents and profits on the footing of a wrong-doer.

In *Graydon v. Church,* 7 Mich. 36, where the facts were to some extent not unlike those before us, and there had been a long possession and considerable expenditure, the Court refused to require any accounting whatever for rents and profits.    And, while improvements are not generally required to be paid for otherwise, it is very common to allow them to be deducted from rents and profits, as far as these suffice.    In the decree below, the defendant was very harshly dealt with, and the allowance for taxes was strictly right.

The allowance of simple interest on interest, without further compounding, might be disposed of in the same way as a much smaller sum than defendant should have justly received on the general balance.    But it was, we think, correct in itself.    The promissory notes given with the mortgage called for semi-annual interest, and it was not, so far as this accounting indicates, payable simultaneously with the principal.    The mortgage expressly covenanted for payment of interest on defaulting installments of interest, and the statute allowed it at this time on such installments.    Complainant, however, claims that the notes were dated in Ohio, and were not subject to Michigan law.    The transaction was in fact a Michigan trans-

action, and the mere dating of notes in Toledo should not avoid it. But it may further be suggested that we know nothing judicially of the law of Ohio, and that we cannot assume that a contract valid by our laws is not valid there. Where parties stipulate as they did here, we are not called upon to strain the law to prejudice contract rights.

Whether the note claimed to have been paid was actually paid is a question of fact. The mortgage does not describe the notes given with it, and the complainant's bill describes them as different from those produced. The notes actually produced had their original form changed from the date of January 1, 1877, to that of December 20, 1876, which was the real date of the mortgage, although it was acknowledged in January. There was also another unimportant change. But there is no doubt that these were the notes which accompanied the mortgage. All four of the $500 notes making up the principal sum of $2,000 were produced uncanceled, with interest indorsed to December 20, 1877, before the first note matured, which was June 1, 1878. The complainant had the burden of proving payment. In our opinion he failed to make any such proof. The facts are, in our judgment, conclusive the other way.

The decree below must be affirmed, with costs of this Court. The time of redemption will be extended until January 1, 1890, but without deduction for rent from this time. The decree here will be framed accordingly, and the cause remanded to the circuit court.

The other Justices concurred.