TAYLOR *v.* RONIGER.

1. SUBROGATION—MORTGAGES—PAYMENT—EFFECT.
   Where, as a part of the consideration of a conveyance which in fact did not transfer title, the grantee assumed and paid in good faith a valid mortgage on the land intended to be conveyed, he became the equitable owner of the mortgage and entitled to have it declared a subsisting lien upon the land.

2. EXECUTION—SALE—INJUNCTION — GROUNDS — REMEDY AT LAW.
   Defendant in ejectment, against whom judgment has been rendered, may maintain a bill to restrain the sale of the land under an execution issued on the judgment, where he has, as the equitable owner of a mortgage on the land, a lien thereon, a court of equity being the only forum having jurisdiction to determine his rights.

3. Equity—Jurisdiction—Ejectment — Abandonment by Plaintiff.

> The election of a plaintiff in ejectment to abandon the land and take judgment for its value without improvements does not oust the chancery court of jurisdiction of a bill to declare defendant in ejectment entitled to a lien on the land for a mortgage he has paid thereon, since the court has jurisdiction of the parties and the subject-matter, and under the prayer for general relief can make such decree as equity requires.

4. Taxation—Payment of Taxes—Person in Possession — Lien on Land

> Where a person in possession of land in good faith as owner pays a valid mortgage thereon, and on losing the land obtains a decree declaring himself the equitable owner of the mortgage and entitled to enforce it as a lien on the land, he is not entitled to claim as a part of that lien the amounts he has paid as taxes during his possession, such claim being allowable only as against a claim for use and occupation.

Appeal from Kalkaska; Chittenden, J. Submitted June 7, 1906. (Docket No. 53.) Decided February 5, 1907.

Bill by Henry Taylor against Hattie M. Roniger to establish an equitable assignment of a mortgage, to foreclose the same, and to enjoin an action at law. From a decree for complainant, defendant appeals. Modified and affirmed.

*Ernest C. Smith,* for complainant.

*Parm C. Gilbert,* for defendant.

McAlvay, C. J. James L. Taylor and Hattie M. Taylor, his wife, on May 21, 1883, became jointly seised as husband and wife of 40 acres of land in Kalkaska county. At the time there was a mortgage of $100 upon this land bearing interest at the rate of 10 per cent., which they by stipulation in the deed to them assumed and agreed to pay. These parties were divorced January 18, 1889. On January 23, 1889, said James L. Taylor con-

veyed these premises by warranty deed to Henry Taylor, complainant in this suit. Hattie M. Taylor did not join in said conveyance. Complainant went into possession of said premises, cleared and improved them, and paid all the taxes, and has occupied the same up to the present time. Believing that he had obtained a good title to the premises, he paid the interest from year to year, and on March 15, 1891, paid the full amount of the mortgage and interest to the mortgagee, and took a discharge of the same. James L. Taylor died shortly after the sale of the land to complainant. The full legal title to the premises by virtue of survivorship then vested in his divorced wife, now known as Hattie M. Roniger, who is defendant in this suit. She never asserted her interest until January, 1904, when she began an action in ejectment as owner of the fee of said land in Kalkaska circuit court against this complainant to recover possession, and recovered judgment against him in said ejectment suit in August, 1904. In this suit as defendant, this complainant was awarded $500 for improvements claimed. The value of the premises without the improvements was fixed by a jury at $450. Plaintiff in ejectment elected to abandon the premises to the defendant, and took judgment against him for said $450 and costs, amounting altogether to the sum of $542.10.

Pending said ejectment suit, and before the trial thereof, the bill of complaint in the suit at bar was filed July 18, 1904, by complainant against defendant, asking that he be decreed to be the equitable assignee of the mortgage he, as hereinbefore stated, had paid, and for the foreclosure of said mortgage, and for general relief. After the judgment against him in said ejectment suit, and before the hearing of this case, the plaintiff in said ejectment suit, who is the defendant in this case, levied an execution on said premises, and proceeded to advertise the same for sale to satisfy the amount of said judgment. Complainant then upon petition in this suit asked for and was granted by the court a temporary injunction restrain-

ing defendant from proceeding to sell said land until after the hearing of this case, and until the further order of the court. The court after hearing this case granted the complainant a decree for the full amount of the mortgage and interest, including the taxes paid by him, to the amount of $408.12, as due from defendant to him, and also declared the same to be a lien upon the premises, and perpetually restrained defendant from proceeding to collect her judgment in ejectment under her execution lien and levy against complainant, except to the amount of the difference between said judgment and the amount of the decree and costs. From this decree defendant has appealed. Such objections of defendant to this decree as are necessary to the determination of the case will be considered.

It is urged that the court had no jurisdiction to restrain the sale of the premises under execution issued on judgment in the ejectment case. The temporary injunction was issued December 30, 1904, several months after this bill was filed, upon petition showing that defendant had recovered judgment in the ejectment suit against him; the nature of the judgment as above set forth; that a sale was to be made of these premises December 31, 1904, under execution levy on said judgment; and that defendant had no property subject to execution. Afterwards, on January 17, 1905, defendant under oath answered the bill of complaint, denying any equities in complainant, alleging that a demurrer theretofore filed was well taken, and that she had no interest in the matter, having sold and assigned said judgment to Lewis B. Tryon, and adding a demurrer clause to the answer. Later, on May 1, 1905, defendant filed a general answer, complying with the rule as to answering bills of complaint. This answer contained practically the same allegations as the first, but contained no demurrer clause. This first answer is claimed to have been an answer to the petition for an injunction. It is not such in form, and was never considered by the court. No mention of the injunction is made

in it. No motion was ever made to dissolve the temporary injunction, and the first objection to it appears in the brief of defendant and appellant in this court. The final decree in the case perpetually restrained defendant from enforcing her execution levy against said premises, except as to the excess over the amount decreed due to complainant. This will be considered later. The claim of defendant, that complainant did not show that he had paid this mortgage, is not supported by the proofs. He is shown to have paid the mortgage in full. The mortgage and note showing indorsements of interest were surrendered to him and were produced, having been delivered to him together with a discharge by the Grand Rapids Bank, through which he paid the final balance of $106. He also produced postal cards received from the wife of the owner of the mortgage to whom the note had been indorsed by the husband, who was sick. These cards showed authority to the bank to receive the money.

The other objections to the decree are that this mortgage was upon property owned by complainant and assumed by him when he purchased; that he had notice of the condition of the title in defendant when he purchased; that his remedy was by review of the judgment in the ejectment case; and that the court had no jurisdiction to render a decree directing payment of the mortgage by charging the same as an offset against the amount of the judgment in ejectment, nor to enter a decree for the amount specified.

Complainant at the time he filed this bill of complaint, if the allegations thereof were true, was entitled to the relief prayed. At that time the fee to the land was in defendant by survivorship. Defendant had been divorced from her husband, and complainant, understanding that his grantor's deed conveyed the fee of the land to him, paid this mortgage in full and took a discharge. This discharge was not recorded, and does not appear in the record. His testimony that he received it was not disputed, and is corroborated by a letter from the owner that

it would be sent to him. Defendant and her husband, when they purchased the property, assumed and agreed in writing to pay the mortgage. Complainant purchased the land for $300 cash, understanding that he was obtaining the title in fee subject to the incumbrance. He paid the mortgage thinking he was relieving his own land from the incumbrance, and having paid the mortgage upon the land which in fact he did not own became its equitable owner, and entitled to be so considered and to have the same declared to be a subsisting lien upon the land. A court in equity was the only forum having jurisdiction to determine these questions. On the trial of the ejectment case, begun by the defendant nearly 15 years after complainant went into possession, the legal title of the plaintiff was admitted. The contest was concerning the value of the improvements. In that case the questions relative to the payment of this mortgage and its equitable ownership could not be litigated, and an appeal from that judgment would not determine the questions here litigated. This case was pending at the time of the trial of the ejectment suit, and both parties had full knowledge of the questions here involved. Did the election of the defendant in her ejectment suit to abandon the land and take judgment for its value without the improvements operate to oust the court of equity of jurisdiction in this case? We hold that it did not. The court had jurisdiction of the parties and of the subject-matter of the suit, and under the general prayer for relief could make such decree as equity demanded. In restraining the sale of the land pending this suit, no injustice was done defendant. Her lien upon the premises was in no way impaired. She was not produced as a witness in the case, and offered no evidence that she had assigned her judgment. There was no dispute as to the amount due on the mortgage the complainant had paid, nor upon any material fact in the case. The mortgage was a personal obligation against defendant by her agreement in writing to pay it. To require her to satisfy this obligation out of her judgment,

leaving her lien upon the land for the balance and her costs was strictly equitable between these parties. The pleadings are not in condition to raise the question that the statute of limitations is a bar to the recovery of a personal decree against her.

The claim for taxes paid by complainant cannot equitably be allowed against defendant. There appears to be no reason why he should not have paid the taxes upon this land which he has occupied and enjoyed for this term of years and to which he was not entitled. If, as the record intimates, there is pending against him a suit for the use and occupation of these premises (the consideration of the value of which use and occupation was specifically eliminated from the ejectment case by the court), the taxes paid for those years which may be included in that suit would be a proper item to be there considered and credited to complainant in case he should be held legally liable for such use and occupation.

The decree in that respect will be modified, and the amount of $139.22, which was allowed the complainant for taxes paid by him and interest thereon, will be deducted, leaving the amount of his lien under the mortgage due him at the time the decree was entered to be the sum of $268.90. With this modification, the decree is affirmed, with costs to appellant.

CARPENTER, GRANT, HOOKER, and MOORE, JJ., concurred.