HOLLY CLOW, APPELLEE, v. JOHN GREEN SMITH, APPELLANT.

FILED DECEMBER 23, 1909. No. 15,860.

1. **Bastards: EVIDENCE.** In bastardy proceedings, defendant's wife having testified to facts tending to prove that about the time plaintiff became pregnant she was intimate with a man other than defendant, the trial court did not abuse its discretion in permitting plaintiff's counsel on cross-examination to ask the witness whether she believed that man to be the father of the bastard child.

2. ———: **EVIDENCE OF CHASTITY: HARMLESS ERROR.** The chastity of the prosecutrix at the time of the trial is not an issue in bastardy proceedings, and testimony concerning her reputation in that particular is irrelevant; but, if she is permitted to in-

troduce testimony to prove that reputation, the error is without prejudice to defendant.

3. ———: INSTRUCTIONS. In such proceedings the jury should not be instructed that they should consider whether or not, at or about the time the prosecutrix became pregnant, she associated with men other than defendant under such circumstances as to make it *possible* for her to have had sexual intercourse with them.

4. ———: ———. A judgment for the prosecutrix in bastardy proceedings will not be reversed because the court informed the jury that her uncorroborated testimony may be sufficient to sustain a verdict of guilty, where they are further instructed concerning the burden of proof, the duty of the jury to compare her testimony at the preliminary examination with that given before them, and the law of the case is given in other instructions as favorable to defendant as the facts in the case warrant.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*A. H. Byrum* and *W. C. Dorsey,* for appellant.

*George Marshall* and *W. H. Miller, contra.*

ROOT, J.

Defendant was adjudged to be the father of plaintiff's bastard child and charged with the payment of $950 for the support thereof. He appeals to this court.

1. It is urged that the evidence does not support the verdict. The testimony is in irreconcilable conflict; but, if the jury believed plaintiff's statement, their verdict is supported by sufficient evidence.

2. Defendant is plaintiff's uncle by affinity, and for ten years preceding the birth of her child she resided with him and worked as a servant in his hotel. During the trial defendant's wife testified in his behalf, and made a detailed statement concerning plaintiff's alleged conduct with defendant's transient patrons and regular boarders. The witness stated that her niece entertained those men in the hotel kitchen and submitted to their caresses; that she carried a duplicate key to a Yale lock maintained on the door of a bedroom occupied by one of the boarders;

that she would go into the boarders' rooms and remain in their company, and went out riding with young men. Many, but not all, of those alleged transactions occurred about the time plaintiff became pregnant. Upon cross-examination counsel for plaintiff asked the witness concerning one of those men: "Do you believe ——— is the father of this child?" The witness answered "No." Defendant's counsel did not object to two of the questions, but objected to the others as not proper cross-examination, incompetent and irrelevant. The objections were overruled. Counsel argue that a witness should testify to facts, that it is for the jury to draw whatever conclusions may fairly be deduced from the evidence, and that the court should exclude, so far as possible, the witness's inferences, conclusions and belief. Many cases are cited in support of the argument, but they deal with questions propounded upon direct examination. On cross-examination, immaterial and collateral matters may, in the sound discretion of the trial court, be inquired into where the examination tends to test the accuracy, veracity or credibility of the witness. Stephen, Evidence (Reynolds, 3d ed.) pp. 180, 181; *Hanoff v. State,* 37 Ohio St. 178; *Village of Shelby v. Clagett,* 46 Ohio St. 549. In In some cases the belief or impression produced on the witness's mind at the time of the transaction to which he testifies is admitted as giving the necessary and proper color to his testimony. The rule was applied in *Fraser v. Fraser,* 5 Notes of Eccl. Cas. (Eng.) 11, 34, a divorce case. In that litigation a maid had testified to suspicious conduct on the part of her mistress and the co-respondent, and it was held proper to show that the witness did not draw the conclusion of guilt from the facts testified to by her. In *Jordan v. State,* 120 Ga. 864, it was held competent to impeach a witness, who had testified to lewd conduct by the prosecutrix, by proving that after knowledge of the facts he had declared the woman was chaste and virtuous. We think the court did not abuse its discretion in ruling as it did. The witness was hostile to

plaintiff. In effect, she was suggesting, and asking the jury to believe, that plaintiff was a lewd woman, and that one of the men named by the witness was probably the father of the prosecutrix' child. While we do not say error was committed in admitting the evidence, the court would have made no mistake in rejecting it. Not many cases come within an exception to the generally recognized rule that, outside of the cross-examination of witnesses who have testified to the genuineness of handwriting, the belief of a witness should not be inquired into even on cross-examination. The exception should be applied cautiously and infrequently.

3. On rebuttal plaintiff introduced testimony, over defendant's objections, to show that her reputation for chastity was good in the community in which she resided. We agree with defendant's counsel that the testimony was irrelevant, but disagree with them concerning its effect. It would have been erroneous to receive evidence concerning defendant's reputation for chastity. He did not admit his guilt, and proof of that reputation would in nowise tend to prove or disprove the material fact of parentage in issue in the case. So far as the mother is concerned, no such issue is presented. She, by her sworn complaint, alleges that she is unchaste. By introducing testimony of her reputation for chastity, she assumed a burden not cast upon her by the record or the law. Defendant could not have been prejudiced by her action, and for that reason this assignment of error should be overruled. Code, sec. 145.

4. Instruction numbered 10, requested by defendant, should not have been given, because it made the possibility, and not probability, that plaintiff had sexual intercourse with men other than defendant a factor in the case.

The giving of instruction numbered 3 is also assigned as error. The instruction, in effect, informs the jurors that plaintiff is a competent witness, and need only prove her case by a preponderance of the evidence; that the jury

should take into consideration any variations in her testimony before the magistrate, compared with her testimony given at the trial, but, if they believed from a fair preponderance of the evidence that defendant was the father of the bastard, a verdict of guilty might be sustained, although plaintiff's testimony was not corroborated by other testimony. The criticism made is that the court singled out plaintiff's testimony and sought to give it weight in the eyes of the jury. Reference to the fact that plaintiff's testimony might sustain a verdict in her favor was unnecessary, but the jury were informed in other instructions that the burden was on plaintiff to prove her case by a preponderance of the evidence, and that the credibility of the witnesses was solely for the jury to determine. The instruction in 'no manner disparaged any witness who testified for, or evidence introduced by, the defendant, and he should not be granted a new trial because this instruction was given. Plaintiff's counsel suggest that this instruction is a copy of part of an opinion of this court. This may be true, but it does not follow that every argument written in a particular case should be given as an instruction to a jury in another action of like character.

The instructions, taken altogether, were fair to defendant, and the evidence, while conflicting, sustains the verdict. The judgment of the district court is

AFFIRMED.