EUGENE C. EPPLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29191.   Promulgated January 21, 1932.

*R. M. O'Hara, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

302

OPINION.

LANSDON: The petitioner concedes that during the periods involved he operated the five hotels which produced the disputed income; also, that he conducted such business as his own, but contends that, inasmuch as the courts subsequently held that the title to such properties was, at all times, in the hands of the Nebraska Hotel Company, it follows, as a matter of law, that all of such proceeds of operation belonged to that corporation. In support of

his contentions the petitioner has cited numerous decisions of this Board and of the courts holding that income follows ownership and that it is taxable against the owner of the property which produced it. In this proceeding the property in question produced no income. Here we are dealing with the earnings of a business carried on by the petitioner, in which that property was employed. In such a case the property is merely incidental and its ownership is in no way related to the ownership of the business or the income therefrom. Had the petitioner purchased these hotels as going concerns, with credit, good will and other intangible income-producing incidents, the situation might be different; but as we understand the facts in this case, nothing but bare physical property, consisting of hotel sites, with buildings, furnishings, and some equipment, figured in the transactions we are here concerned with. The petitioner went into possession of such property in good faith, and, although later held to be a trespasser, holding under a void deed, we are of the opinion that the proceeds of the business belonged to him and that he was chargeable to the true owner for no more than reasonable rental upon the property, with rights of subrogation for taxes paid, if any. *Crawford* v. *Galloway*, 29 Neb. 261; 45 N. W. 628; *Carter* v. *Brown*, 35 Neb. 670; 53 N. W. 580; *Taylor* v. *Roniger*, 147 Mich. 99; 110 N. W. 503; and *Millard* v. *Truax*, 73 Mich. 381; 41 N. W. 328.

The business which produced the income in this case belonged to the petitioner. He created it and conducted it during all of the time in question as his own, collecting and retaining all of the profits derived therefrom. He was liable, therefore, to pay the tax on this income, over which he was thus exercising ownership and control as and when received, regardless of a possible subsequent liability to answer in damages to the owner of the property. The reasons for this rule are stated by the United States Circuit Court of Appeals for the Sixth Circuit, in its opinion rendered June 30, 1931, sustaining a decision of this Board, in *Ford* v. *Commissioner*, 51 Fed. (2d) 206, in the following language:

* * * If taxes regularly assessed could be invalidated, an indefinite number of years later, by a consent judgment purporting to vacate the title of the taxpayer to the fund he had reported as income, the necessary system of tax collection would be much impaired. *The true normal criterion to be applied in this class of case is the actual receipt and retention during the year in question of what was then considered to be income, not whether the taxpayer exposed himself to possible personal liability.* [Italics supplied.]

Therefore, consistent with those views, we hold that the respondent correctly determined that the proceeds derived by the petitioner from the operation of the five hotels in question constituted taxable income to him for the years received, and that the petitioner's first assignment of error must be denied. *Ford* v. *Commissioner*

*supra; Topeka Flour Mills Co.*, 12 B. T. A. 147; *Lucas* v. *North Texas Lumber Co.*, 281 U. S. 11; 50 Sup. Ct. 184.

The record fails to show that the petitioner owned any interest in these hotel properties which would form the basis under the statute for a deduction on account of depreciation. *Brevoort Hotel Co.*, 1 B. T. A. 132 and *Weiss* v. *Weiner*, 279 U. S. 333. The interest payments were made in 1921 and 1922, on account of the petitioner's first contract with the receiver of the State court, which involved the purchase price of a group of mixed assets of which these hotel properties formed only a part; and which contract was subsequently declared void by the courts. The petitioner contends, however, that, inasmuch as he was bound under his contract with the receiver to make the payments provided for pending the court proceedings referred to, such installments, when due, constituted debts, within section 214 (2) of the 1921 Act, in virtue of which these interest payments were deductible in the years made. It is true that the petitioner made these payments in good faith under the terms of a contract which he believed binding, but since no title passed to him in the transaction, they were without consideration and refundable in law, as well as under the " *status quo* " provision of such contract and, not being " unconditioned obligations to pay," they were never debts within the provisions of the revenue acts. *In re Emil Weitzner*, 12 B. T. A. 724; *W. S. Gilman*, 18 B. T. A. 1277; affd., 53 Fed. (2d) 47. Cf. *Inland Products Co.*, 10 B. T. A. 235; affd., *Inland Products Co.* v. *Blair*, 31 Fed. (2d) 867.

The petitioner's sole contention in respect of the amounts of $21,567.85 and $15,366.55 paid in 1921 and 1922 is that they were paid as interest on indebtedness and, therefore, are proper deductions from his taxable income in such years. It might be argued, however, that while not allowable as interest for the reasons which we have set out above, they may be regarded as charges against the income realized from the operation of the hotel business by the petitioner and so included in deductions for ordinary and necessary expense. It is clear that in the circumstances the petitioner was accountable to the bankrupt corporation for a reasonable rental for the use and occupancy of the property to which he had no title, but the amounts paid as interest on the deferred purchase money installments can not be regarded as payments of rentals for the use of the property. Petitioner, himself, recognized that his gross income from the operation of the hotels was subject to reasonable charge for use and possession and in his proposal to purchase, which was finally accepted by the receiver and approved by the court, he fixed and proposed to pay that charge in the amount of $62,500. It may well be that such amount is deductible from operating income ratably over the term of petitioner's operation of the hotel properties

as a trespasser, since it was included in arriving at the amount of $957,500 which Eppley finally paid in compromising and settling the whole controversy, but this question is not before the Board and no decision thereon is necessary. In these circumstances, however, we are of the opinion that the amounts paid as interest in 1921 and 1922 can not be included in expenses incurred by the petitioner in operating the hotel properties.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MARQUETTE, MURDOCK, and GOODRICH concur in the result.