WILLIAM P. CAMPBELL, ADMINISTRATOR, ETC., v. BARBARA A. SMITH, ADMINISTRATRIX, ETC., ET AL.

*Estates of deceased persons—Mortgage—Subrogation—Dower.*

An administrator contracted in writing with the widow of the decedent, who had remarried, for the purchase of her interest in the estate for the benefit of the heirs, for which interest she was to receive $1,400 and some personal property belonging to the estate. The estate was appraised at $5,704.15, of which $1,004.15 was personalty. The administrator secured a license, and mortgaged a portion of the land for $1,000, which sum he paid to the widow. The mortgagee filed a bill to foreclose the mortgage, and a decree was made declaring the mortgage void, but a valid claim or lien upon the dower interest of the widow. The heirs were given the right to pay the complainant the amount due on the mortgage, and thereupon to require of the widow a release of her dower interest. On their failure to elect to make such payment, the complainant was given the privilege of applying for the appointment of commissioners to assign and set apart said dower interest, after which it was to be sold, and ten-fourteenths of the proceeds applied, first, to the payment of costs and expenses, and, second, to the discharge of complainant's claim, and the surplus, if any, to be paid to the administrator. And it is held that there is no error in the decree of which the defendants can complain.

Appeal from Jackson. (Peck, J.) Argued November 23, 1894. Decided December 28, 1894.

Bill to foreclose a mortgage. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*A. J. Waters (Thompson & Harriman,* of counsel), for complainant.

*Lewis M. Powell,* for defendants.

HOOKER, J. Jacob Frederick, a resident of Jackson

county, died intestate in December, 1880, leaving a widow (defendant Mullerheile, she having since married) and eight children,—seven by a former wife, and one (Bertha) by his widow. He left an estate consisting of land and personal property. In December, 1881, Morgan Case was appointed administrator, and on December 16, 1882, he made a contract with the widow, who had married in the meantime, to purchase her interest in the estate for the benefit of the heirs, some of whom were minors. She was to receive $1,400 in money and some personal property belonging to the estate. The real estate consisted of a 20-acre parcel in addition to an 80-acre lot, which was the home of the deceased at his death. On December 18, 1882, Case filed a petition in the probate court, alleging that $2,250 would be required to pay the debts and expenses and purchase the widow's dower, and praying for a license to sell the 20 acres, and to mortgage the 80-acre lot. The license was granted as prayed, and the sale of the 20 acres was made and confirmed. A mortgage for $1,000 was made to the complainant's intestate, who paid $1,000 therefor to the administrator. From the proceeds of the sale and mortgage the widow was paid $1,400, and she abandoned the premises, and the estate has had the full possession and proceeds of the place since. Case died in 1884, and in 1885 one of the heirs was appointed administratrix, and has acted as such since. The widow relinquished all claim to the estate from the time she received payment as aforesaid, though no formal conveyance of her dower interest has been attempted. The 80 acres has been the home of the children since. The widow's interest in the personal estate considerably exceeded $400, and it is fairly inferable from the evidence that the sum of $1,000 was fully equal to her dower interest, if it did not exceed its value.[1]

[1] The personal property was appraised at $1,004.15, and the real estate at $4,700.

The circuit court held that the mortgage was void, but that it was a valid claim or lien upon the dower interest. It gave to the heirs the right to pay to complainant the sum of $1,665.25 (being the amount of the mortgage and interest), and thereupon to require of the widow a release of her dower interest. In the event of a failure upon the part of said heirs to elect to pay said sum, the complainant was given the privilege of applying for commissioners to assign and set apart said dower interest, after which it should be sold by a commissioner of the court, ten-fourteenths of the proceeds to be applied—*First,* to the payment of costs and expenses; *second,* to the discharge of complainant's claim; the surplus, if any, to be paid to the administratrix. From this decree the defendants have appealed.

It is contended that this decree was erroneous, for the reason that the courts cannot create a lien upon the dower interest of the widow; that liens must be created by agreement, or by some fixed rule of law. In this case we have the unequivocal agreement of Mrs. Mullerheile, not to create a lien, but to sell outright her interest. This agreement is in writing. It was followed by payment and acceptance of full consideration, and surrender of such possession as she had in the premises. She received payment from the estate, and she could not resist a bill for specific performance if the heirs were here asking it. They would have so much of a lien upon the dower interest that a court of chancery would compel its release at their suit. But they seem disposed to hold on to the dower interest, and repudiate the obligation under which it was acquired. Mrs. Mullerheile's answer admits the sale of her interest and the receipt of the money, and she does not seem to have any controversy with her stepchildren over it, but all unite in an appeal to prevent the payment of this obligation. It is contended that the evidence does

not show that this money was used for such purchase, but it is patent that it was, as the circuit judge found. We see no difficulty in holding that the complainant should have a lien on this interest. If the heirs propose to hold the dower interest, thus taking the benefit of the contract made by the administrator, they must recognize the mortgage, to the extent, at least, of the dower interest. On the other hand, if they propose to repudiate the contract *in toto* (of. which we see no evidences), Mrs. Mullerheile must submit to the subrogation of complainant to the rights of the heirs or Case, under her contract. We think there was no error in the decree of the circuit court of which the defendants can complain.

Counsel for the complainant contend that, if necessary to pay complainant's claim, the entire sum realized from a sale of the dower interest should be applied, and we are asked to make such a decree, or remand the case with direction to make such a decree. We think complainant should have appealed if he desired such relief. See *Millard v. Truax*, 73 Mich. 381, 382; *Harrington v. Upton*, 78 Id. 34; *Auditor General v. Baker*, 84 Id. 117; *Macomb v. Prentis*, 78 Id. 255, 260; *Lamont v. Le Fevre*, 96 Id. 175, 177.

The decree will be affirmed, with costs to be paid by the defendants.

The other Justices concurred.