STEARNS *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

1. PLEADING—DECLARATION ON CONTRACT—STATUTE OF FRAUDS.
   An averment in a declaration that a contract was made between the parties to the suit imports a valid contract, and renders proof admissible to show that the contract was in writing, when essential to its validity under the statute of frauds.

2. CONTRACTS—MUTUALITY—CONSIDERATION.
   An employer's agreement, in consideration of an employé's compromising a claim for personal injuries, to retain the latter in his service for life, or as long as he is able to do the work required, is enforceable, although the employé does not bind himself to continue in the employment.[1]

─────────
[1] The validity and effect of a contract for permanent employment is considered in a note to *Carnig* v. *Carr,* (Mass.) 35 L. R. A. 512.

3. SAME—SUSPENSION OF AGREEMENT—RESERVATION OF RIGHTS.

 Such a contract is not terminated by the employé's resigning to accept another position, which he holds for a few months, and, becoming dissatisfied, returns to his original employment, where it was agreed by the employer's superintendent, with whom the employé was required to deal, before the resignation was accepted, that, if he did not like the new place, he could have his old one again upon the same conditions that existed before he left it.

4. SAME—AUTHORITY OF AGENT.

 Under such circumstances, the authority of the superintendent to make a new contract upon the same terms as the original is not involved, his engagement being equivalent to granting the employé an indefinite leave of absence, the latter reserving his rights under the original contract.

5. SAME—DAMAGES.

 The measure of damages for the breach of an agreement to employ a person for life, or during his ability to work, is the amount that he would have earned up to the time of trial at the contract price, and the present worth of what he would be able to earn in the future, so long as he would, in the ordinary course of affairs, be able to perform the service, less any amount that he would be able to earn in other employment.

Error to Lenawee; Lane, J. Submitted April 30, 1897. Decided May 11, 1897.

*Assumpsit* by George C. Stearns against the Lake Shore & Michigan Southern Railway Company for the breach of a contract of employment. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner*, of counsel), for appellant.

*Watts, Bean & Smith*, for appellee.

MONTGOMERY, J. The plaintiff brought this action to recover damages for the breach of a contract of employment. The declaration averred that, in the year 1872, plaintiff, while in the employ of the defendant, received

serious personal injuries; that a claim was made against the defendant company; that in settlement of this claim the defendant paid him the sum of $175, and at the same time entered into an agreement to employ him in the capacity of train baggage master on the train running between Jackson and Adrian, at a salary of $47.50 per month, during his natural life or his ability to do the work; that the defendant had on the 1st of April, 1895, discharged plaintiff from employment, and has ever since refused to employ him or to pay him. The case was tried before a jury, and a verdict rendered sustaining the plaintiff's claim. Defendant moved for a new trial, which was refused, and has now brought the case here for review on error. The case is, in many of its aspects, similar to the case of *Brighton* v. *Railway Co.*, 103 Mich. 420, and reported on second appeal at page 217, *ante.* We shall not discuss now the points decided in that case.

1. The declaration did not state whether the contract counted upon was in writing or rested in parol. Defendant contends that an oral contract would not be valid, and that the declaration should have described the contract as one in writing. The rule is clearly settled the other way. It is not necessary in pleading to aver that a contract required by the statute of frauds to be in writing was reduced to writing. It is enough to aver that a contract was made, which imports a valid contract, and admits the requisite proof to show its validity. *Harris Photographic Supply Co.* v. *Fisher*, 81 Mich. 136.

2. It is insisted that the contract is not enforceable, because not mutual; that the plaintiff was not bound to work for any stated time for the defendant. In a case where no consideration passed for the employment, there might be force in this contention; but in this case, under the proofs, a valuable consideration was paid to the defendant for the conditional agreement which the defendant saw fit to enter into, leaving it optional with the plaintiff to continue in defendant's employ,—the engagement of the defendant resting, not upon the consideration of any

promise by the plaintiff, but upon a consideration actually paid in hand at the time of the engagement, namely, the compromise of the disputed claim.    Upon this question the following cases are in point:  *Pennsylvania Co.* v. *Dolan*, 6 Ind. App. 109; *Harrington* v. *Railway Co.*, 60 Mo. App. 223; *Brighton* v. *Railway Co., supra.*

3. In 1889 the plaintiff entered the railway mail service, and at that time tendered his resignation to the defendant, which was accepted.    At the expiration of four months he applied for re-employment, and was again employed, and continued in the employment until his final discharge, in 1895.    The defendant insists that this had the effect to terminate the contract relied upon by plaintiff.    This would undoubtedly be true were it not for the fact that the plaintiff testifies that, prior to entering the mail service, he had a talk with the division superintendent, and that he went into the mail service upon the understanding and agreement that, if he did not like the service, he should return right back to the same job he had, upon the same conditions that he quit, and that he would not have gone into the mail service had it not been for this reservation of rights accorded him by the company.    It is contended by the defendant that the division superintendent had no power to make such a contract, but the answer to this is that he is the person with whom the plaintiff was required to deal, and that the engagement did not amount to the making of a new contract, but was, in effect, granting an indefinite leave of absence to the plaintiff, the plaintiff reserving his rights under the former contract.

4. The plaintiff was permitted to recover as damages the amount which he would have earned up to the time of the trial, at the rate of $47.50 per month, and the present worth of what he would be able to earn in the future, so long as he would, in the ordinary course of events, be able to perform the service, less any sums which he would be able to earn in other employment; the court distinctly stating to the jury that it was the duty of the

plaintiff not to lie idle, and that the value of his services in any employment which he could reasonably get should be deducted from the allowance which the jury would otherwise make. Some verbal criticism is made upon the instruction relating to the measure of damages; but we think the jury could not have misapprehended the meaning of the court, and that the charge, as a whole, is sufficiently clear. But it is also urged that the plaintiff could not recover for prospective damages. This question is fully considered in the cases of *Pennsylvania Co.* v. *Dolan* and *Brighton* v. *Railway Co., supra.*

5. A motion for a new trial was made, based in part upon the ground that the verdict was not supported by the evidence. The circuit judge, who saw the witnesses, was of the opinion that the verdict was not so clearly against the weight of the evidence as to justify an interference with the verdict. We are impressed that the evidence was too nicely balanced to authorize us to say that the jury must have reached the result which they did through prejudice. In numbers, the witnesses of the plaintiff to the making of the contract exceeded those offered by the defendant; and, while the circumstances of corroboration may have been greater with the defendant than on the side of the plaintiff, we would not be justified, upon this record, in interposing our judgment in place of that of the tribunal to whom the decision of the question of fact was, under proper instructions, committed.

We have not discussed at length all the assignments of error, but a careful examination of the full brief of defendant's counsel has failed to disclose any error which is prejudicial to the defendant.

The judgment will be affirmed.

The other Justices concurred.