### LAKE ERIE & W. RY. v. WILLIAM TIERNEY.

1. DISMISSAL OF NEGLIGENCE SUIT IS SUFFICIENT CONSIDERATION FOR CONTRACT FOR FUTURE EMPLOYMENT.

The dismissal of a suit for damages, brought by an injured employe of a railroad company, is a sufficient consideration for a contract for his future employment so long as his services are satisfactory.

[For other cases in point, see 2 Cyc. Dig., "Contracts," § 444.—Ed.]

2. DISSATISFACTION MUST BE REASONABLE TO EFFECT DISCHARGE.

Dissatisfaction with such services, such as to justify a discharge, must be a reasonable dissatisfaction and not an arbitrary one.

3. DISCHARGE OF EMPLOYE FOR UNSATISFACTORY SERVICES.

The good faith of the company in claiming such services to be unsatisfactory will not alone justify the discharge, if the services rendered were, in fact, such as ought to have been satisfactory to a reasonable employer.

[For other cases in point, see 6 Cyc. Dig., "Master and Servant," §§ 36-39. —Ed.]

4. MEASURE OF DAMAGES FOR BREACH OF EMPLOYMENT CONTRACT.

The measure of damages for the breach of such contract for employment is the amount of money which the employe would have earned at the stipulated salary from the time of his discharge to the time of the trial, together with the amount he could in future earn in the time during which he could reasonably be expected to serve, taking into account his age and state of health, and deducting whatever amounts he could reasonably have earned at other employment since his discharge, and what he might so earn in the future by reasonable diligence.

[For other cases in point, see 3 Cyc. Dig., "Damages," §§ 938, 939, 944, 946. —Ed.]

[Syllabus by the court.]

ERROR to Allen common pleas court.

**W. B. Richie** and **W. H. Leete,** for plaintiff in error:

When a contract is clear and unambiguous there is no reason for a construction. 2 Parsons, Contracts 500; Beach, Contracts 854; *Lawler v. Burt,* 7 Ohio St. 350.

There can be no recognized standard of satisfaction for personal services. Beach, Contracts 130.

The employer is to be the sole judge. *Sax v. Railway,* 125 Mich. 252 [84 N. W. Rep. 314; 84 Am. St. Rep. 572]; *Barrett v. Coal & C. Co.* 51 W. Va. 416 [41 S. E. Rep. 220; 90 Am. St. Rep. 802]; *Adams*

---

*Affirmed without report, *Lake Erie & W. Ry.* v. *Tierney,* 51 Bull. 377; 75 Ohio St. 000.

### Allen County.

*Radiator & B. Wks. Co.* v. *Schnader,* 155 Pa. St. 394 [26 Atl. Rep. 745]; 7 Words & Phrases, Judicially Defined 629; *Koehler* v. *Buhl,* 94 Mich. 496 [54 N. W. Rep. 157]; *Plano Mfg. Co.* v. *Ellis,* 68 Mich. 101 [35 N. W. Rep. 841]; *Silsby Mfg. Co.* v. *Chico,* 24 Fed. Rep. 893; *McCarren* v. *McNulty,* 73 Mass. (7 Gray) 139; *Brown* v. *Foster,* 113 Mass. 136 [18 Am. Rep. 463]; *Zaleski* v. *Clark,* 44 Conn. 218 [26 Am. Rep. 446]; *Gibson* v. *Cranage,* 39 Mich. 49 [33 Am. Rep. 351]; *Gray* v. *Railway,* 11 Hun (N. Y.) 70; *Hoffman* v. *Gallaher,* 6 Daly 42.

Measure of damages. 8 Am. & Eng. Enc. of Law (2 ed.) 554.

A contract of employment in no stipulated capacity, for no stated period, except such as may be satisfactory to the employer, and for no designated wages, does not imply mutuality. *Bowers* v. *Railway,* 26 O. C. C. 519; *Bolles* v. *Sachs,* 37 Minn. 315 [33 N. W. Rep. 862]; *East Line & Red R. Ry.* v. *Scott,* 72 Tex. 70 [10 S. W. Rep. 99; 13 Am. St. Rep. 758, 767]; *Rhoades* v. *Railway,* 49 W. Va. 494 [39 S. E. Rep. 209; 55 L. R. A. 170; 87 Am. St. Rep. 826, 833].

**Edwin Blank** and **Cable & Parmenter,** for defendant in error:

The word "satisfactory" does not necessarily mean to the satisfaction of the railroad company. *Adams Radiator & B. Wks. Co.* v. *Schnader,* 155 Pa. St. 394 [26 Atl. Rep. 745]; *Wood Reaper & M. M. Co.* v. *Smith,* 50 Mich. 565 [15 N. W. Rep. 906; 45 Am. Rep. 57]; *Pope Iron & M. Co.* v. *Best,* 14 Mo. App. 502; Beach, Contracts Sec. 104; *Folliard* v. *Wallace,* 2 Johns. 395; *Logan* v. *Berkshire,* 18 N. Y. Supp. 164.

Mutuality of contract. *Smith* v. *Railway,* 60 Minn. 330 [62 N. W. Rep. 392]; *Rhoades* v. *Railway,* 49 W. Va. 494 [39 S. E. Rep. 209; 55 L. R. A. 170; 87 Am. St. Rep. 826, 831]; Beach, Contracts Sec. 457.

The contract in the case at bar should be construed in view of the surroundings of the parties and not as contended for by plaintiff in error, where some material thing is to be furnished to satisfy the taste of the purchaser. 24 Am. & Eng. Enc. Law (2 ed.) 1237; *Duplex Safety Boiler Co.* v. *Garden,* 101 N. Y. 387 [4 N. E. Rep. 749; 54 Am. Rep. 709]; *Russell* v. *Allerton,* 108 N. Y. 288 [15 N. E. Rep. 391]; *Doll* v. *Noble,* 116 N. Y. 230 [22 N. E. Rep. 406; 5 L. R. A. 554; 15 Am. St. Rep. 398]; *Daggett* v. *Johnson,* 49 Vt. 345.

Measure of damages. *Costigan* v. *Railway,* 2 Denio 609 [43 Am. Dec. 758]; *Stearns* v. *Railway,* 112 Mich. 651 [71 N. W. Rep. 148]; *James* v. *Allen Co. (Comrs.)* 44 Ohio St. 226 [6 N. E. Rep. 246]; *Howard* v. *Daly,* 61 N. Y. 362 [19 Am. Rep. 285]; *East Tennessee Val. & G. Ry.* v. *Staub,* 75 Tenn. (7 Lea) 397; 3 Rapalje & Mack's Dig. of Ry. Law 705: 1 Redfield, Railways 631, 632; 2 Sedgwick, Damages

Railway v. Tierney.

Sec. 666; *Elsas* v. *Meyer,* 10 Dec. Re. 518 (21 Bull. 346); *Graveson* v. *Life Assn.* 11 Dec. Re. 369 (26 Bull. 183); *Pierce* v. *Coal, Iron & Ry. Co.* 173 U. S. 1 [19 Sup. Ct. Rep. 385; 43 L. Ed. 591]; *Decamp* v. *Hewitt,* 11 Rob. (La.) 290 [43 Am. Dec. 204].

The court fully and completely stated the rules of law governing the case in the general charge. *East Tenn. Val. & G. Ry.* v. *Staub,* 75 Tenn. (7 Lea) 397; *Pierce* v. *Railway,* 173 U. S. 1 [19 Sup. Ct. Rep. 335; 43 L. Ed. 591]; *Rhoades* v. *Railway,* 49 W. Va. 494 [39 S. E. Rep. 209; 55 L. R. A. 170; 87 Am. St. Rep. 826]; *Pennsylvania• Co.* v. *Dolan,* 6 Ind. App. 109 [32 N. E. Rep. 802; 51 Am. St. Rep. 289].

## HURIN, J.

William Tierney, an employe of the Lake Erie & Western Railroad Company, some years ago sustained an injury through the alleged negligence of the railroad company, which resulted in the loss of a leg. He brought suit against the railroad company for $30,000 damages. That case was compromised and the suit dismissed, Tierney at that time signing a written instrument whereby, for a nominal consideration of one dollar, he released and discharged the railroad company from all claims, demands, suits, actions and causes of action, etc., for any injuries to his person. The instrument contained this clause: "Said company to employ me so long as my services are satisfactory." This agreement was dated October 31, 1892.. In pursuance of this agreement Tierney was employed by the railroad company as an assistant in the freight office at a salary of $40 or $45 per month. This employment continued nearly a year. He was then transferred to the South Main street crossing in Lima as flagman at $25 dollars per month. He accepted this employment and continued to serve as flagman at that point until October 27, 1899, when he was discharged for alleged misconduct, including negligence, absence from his post and drunkenness.

He thereupon commenced this action against the railroad company, alleging that his discharge was without cause; that the company had refused and still refused to furnish him employment; that he had in all respects fulfilled his agreement with the railroad company, to wit: the dismissal of the action for damages previously referred to; and that his services rendered the company were of a nature that should have been satisfactory to the defendant. For this breach of its contract of employment he asks damages against said company in the sum of $10,000.

The company answered, admitting the. dismissal of the former suit by Tierney, the contract of employment, the employment of Tierney

in accordance with that contract, and his subsequent dismissal; and averring that his services were not satisfactory to defendant and that he was for that reason discharged. The case has twice been tried and the jury at the second trial returned a verdict in favor of the plaintiff. for $3,000. Judgment was entered on the verdict, a new trial being refused.

This judgment we are now asked to reverse. The case seems to have been fairly tried and we have discovered no prejudicial errors in the admission or rejection of evidence. But strenuous objection is made to the verdict as against the weight of the evidence, and to the charge of the court to the jury; and especially to the refusal of the court to charge the jury as requested.

It is claimed, and the court was asked to charge, that the contract furnishes no practical basis on which the amount of damages can be ascertained—that it is therefore void for uncertainty and want of mutuality.

That it is a difficult problem to determine the exact amount of damages recoverable in such a case must be admitted. The uncertainty of life, of health, of continuing ability and disposition to render satisfactory services, combine to make a computation difficult. But the contract does furnish a basis for the computation and a practical one. That basis was well defined by the trial judge in his charge to the jury as full compensation in dollars and cents for all injuries arising from the breach of the contract. The details of the problem will be referred to later, but this is the basis of the computation and the defendant having made the contract, having received the consideration therefor—the dismissal of a $30,000 damage suit—cannot be heard to complain that the contract is void for want of mutuality or for uncertainty, when the uncertainty consists merely in a difficulty of computation.

The court was asked to charge the jury that the company was to be the sole judge of the services rendered, and, if in good faith, it decided that his services were unsatisfactory, it had the right to discharge the plaintiff at any time.

This does not fairly state the case. The defendant may have been dissatisfied and may have thought that it had reason for dissatisfaction, and may have acted in good faith and so discharged plaintiff, and yet it may have been requiring unreasonable things; it may have been misinformed as to his conduct and so may have become dissatisfied without good cause, yet in perfect good faith. This contract should not be construed from one side alone, and the court properly refused to do so in this respect. Each party had his rights and obligations. The obliga-

Railway v. Tierney.

tions as well as rights of each must be considered. The charge as re-
quested did not, in our judgment, meet this test.

Decisions of courts in other states, ignoring this mutuality of obli-
gation and right, are cited by counsel for plaintiff in error; but, where
they are applicable at all, we think them not within sound reason as
applied to cases such as the one at bar.

The court was also asked to charge that even though the services
may have been such as should have been satisfactory up to the time of
the discharge, yet the jury is not authorized to presume that the
services would have continued to be satisfactory to the defendant for
any definite time.

It was in evidence that for seven years this plaintiff had rendered
services sufficiently satisfactory to the defendant to secure his retention in
its service. There would seem to be a strong presumption from that
fact as to his continuing to do so, unless this was destroyed by evidence
as to his past conduct or present want of capability. Of this evidence
and of its weight the jury was the judge. It had a right to make such
a presumption, if the evidence warranted it.

The court was also asked to say to the jury:

"The jury cannot speculate as to the probabilities of further em-
ployment on the part of Tierney."

This, we think, was properly refused, and it brings us to the con-
sideration of the true rule for estimating the amount of recovery, if
any, on the basis of injuries, received from the alleged breach of con-
tract.

In the case of *Stearns* v. *Railway*, 112 Mich. 651 [71 N. W. Rep.
148], this rule is stated:

"For the employer's breach of a contract of employment at a
specified salary during a person's natural life or his ability to do the
work, the measure of damages is the amount which the employe would
have earned up to the time of trial at the contract salary, and the present
worth of what he would be able to earn in the future, so long as he
would be able, in the ordinary course of events, to perform the service,
less any sums which he would be able to earn in other employment by
the exercise of reasonable diligence."

And in the case of *Pierce* v. *Coal, Iron & Ry. Co.* 173 U. S. 1 [19
Sup. Ct. Rep. 335; 43 L. Ed. 591], the Supreme Court lay down this
rule:

"Where the railroad company after a time abandoned the con-
tract and discharged the employe without cause, the latter may main-
tain an action, once for all, as for a total breach of the entire contract,

and may recover all he would have received in the future, as well as in the past, if the contract had been kept, deducting any sum he might have earned in the past or might earn in the future and any loss the company had sustained by loss of his services without its fault.''

To the same effect is the case of *East Tennessee Valley & G. Ry.* v. *Staub,* 75 Tenn. (7 Lea) 397, where it is said that,

''The difficulty of ascertaining the damages by reason of the uncertain and contingent events upon which they depend, as the duration of plaintiff's life, is no objection to the action.''

We must conclude then that the requests to charge, complained of as not given, were properly refused; that a practical basis for damages is afforded by the contract and that the court properly instructed the jury in the charge as given.

Was the verdict justified by the facts proven, and under the charge as given? To have found as it did, the jury must have found from the evidence that plaintiff was discharged without justifying cause and that the amount of injury that he sustained by that discharge, measured by what he would have earned up to the time of the trial and by the length of time he could reasonably be expected to serve in the future, taking into account his age and state of health, and deducting what he could reasonably have earned since his discharge, and might earn in the future, in other employment, equalled $3,000.

There was much evidence tending to show that plaintiff's discharge was justifiable; that he drank too freely for one on whom such grave responsibility rested; that he was careless and negligent in warning people of the approach of trains; that he frequently absented himself from his post, and that in other ways he was unfit for his position; and, that too, through his own fault. All this was denied by plaintiff's witnesses, who testified to the contrary.

The jury had the testimony before it. It was a question of fact to be determined by the jury. We cannot say that their conclusion in this regard was against the weight of the evidence.

As to the amount of the verdict, while it seems to have been a liberal amount, it is not so excessive in our judgment as to justify a reversal. It is interesting to note in this connection, that at the rate of wages which Tierney was earning at the time of his discharge, his earnings from that day to this would have amounted to just $1,700—considerably more than half the verdict. At his time of life it seems altogether possible that he may live and retain his health long enough

Railway v. Tierney.

to have fully earned the balance of the judgment. But this merely in passing.

Finding no error, the judgment of the court of common pleas must be affirmed. Judgment against plaintiff in error for costs for which execution is awarded, and cause remanded for execution.

**Norris** and **Vollrath, JJ.,** concur.