JOYCE v. GRAND TRUNK WESTERN RAILROAD CO.

LIMITATION OF ACTIONS—CONTRACT OF LIFETIME EMPLOYMENT.
If plaintiff had a valid contract of lifetime employment, his right of action for breach thereof accrued when foreman advised he was to be laid off, although he never received any notice of discontinuance of his employment, hence declaration in action commenced over 12 years thereafter was properly dismissed as right of action was barred by the statute of limitations (3 Comp. Laws 1929, § 13976).

Appeal from Oakland; Doty (Frank L.), J. Submitted October 13, 1939. (Docket No. 22, Calendar No. 40,642.) Decided December 20, 1939.

Assumpsit by John Joyce against Grand Trunk Western Railroad Company, a Michigan corporation, for wages alleged to be due. Case dismissed. Plaintiff appeals. Affirmed.

*W. E. C. Huthwaite* and *Maurice M. Moule,* for plaintiff.

*Patterson & Patterson* and *H. Victor Spike,* for defendant.

BUSHNELL, J. This is an appeal from an order granting defendant's motion to dismiss plaintiff's declaration. Plaintiff was employed by defendant railroad company in 1914 as a carpenter and as-

signed to its bridge and builders division. On or about March 17, 1921, while in the course of his employment as an inspector, he was injured in an accident and suffered the loss of a toe. He filed a claim for compensation with the department of labor and industry, and an agreement of settlement was effected between the parties. Under its terms, according to plaintiff, defendant was to pay certain medical bills, et cetera, and give plaintiff lifetime employment at the same compensation he was then receiving, which was an average of $115 every two weeks. Plaintiff says he continued in defendant's employ until about July or August of 1926, when he was advised by a foreman that he was to be laid off and, although he never received any actual notice of discontinuance of his employment, defendant has failed to pay him any wages since that time.

Plaintiff's action was not begun until over 12 years after the so-called lay-off, and he claims damages in the amount of $33,120 as back wages, together with interest thereon at five per cent.

Defendant claims the declaration fails to set up a cause of action and that on the face thereof action is now barred by reason of the statute of limitations. 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605). Defendant also claims that the demand set forth in plaintiff's declaration was released in writing by him on June 14, 1922.

At the hearing on the motion, defendant offered to produce the written release and accompanying cancelled check for $500. The matter was continued and, at a later hearing, these papers were shown to plaintiff in court, who denied the same bore his signature. The court then proposed to adjourn the matter again in order that affidavits might be submitted, whereupon plaintiff's counsel objected, and

it was suggested that testimony be taken in open court. No formal objection was made to such procedure and witnesses were sworn. It appeared from the testimony that plaintiff would be 89 years of age in a few months, and the court indicated that there was no question about the identity of his signature and that he was just the victim of a failing memory.

Plaintiff's appeal raises questions of procedure including the claimed denial of a jury trial. We pass these questions because application of the statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]) shows on the face of plaintiff's declaration that his claim is barred. Contracts for lifetime employment have been sustained in this and other jurisdictions. See *Stearns* v. *Railway Co.,* 112 Mich. 651, and other authorities cited in *Lynas* v. *Maxwell Farms,* 279 Mich. 684. If plaintiff had such a contract, his right of action accrued, according to his declaration, on or about July or August of 1926. This action was not begun until October 1, 1938.

The order of dismissal is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. McALLISTER, J., did not sit.