## REECK *v.* CALOY CORPORATION.

1. APPEAL AND ERROR—NONJURY CASES—EVIDENCE.

   The Supreme Court does not reverse a judgment in a nonjury case in which there are disputed questions of fact unless the testimony clearly preponderates in the opposite direction.

2. ACCORD AND SATISFACTION—EVIDENCE—SALES.

   Defendant's claim that an accord and satisfaction had been entered into as to plaintiff's claim as to commission on future sales to a certain customer *held,* not supported by testimony in plaintiff's action for breach of an exclusive sales contract with respect to sales including such customer.

3. CONTRACTS—COMMISSIONS FOR SALES.

   Record supported plaintiff's claim that defendant breached exclusive sales contract for its products by selling direct to one customer and ignoring plaintiff's claim for commissions as to such sales.

4. DAMAGES—BREACH OF EXCLUSIVE SALES CONTRACT—EVIDENCE.

   Judgment in nonjury case as to amount of damages suffered by plaintiff by reason of defendant's breach of his exclusive sales contract for this State is not disturbed where the testimony fully supports determination made.

5. FRAUDS, STATUTE OF—CONTRACTS NOT PERFORMABLE WITHIN 1 YEAR—CONSIDERATION.

   Contract for exclusive sales of defendant's metal tile products within this State was enforceable at law in action for breach, notwithstanding it was not necessarily to be performed within a year, where plaintiff had paid a substantial consideration for the contract by giving up his distributorship of another product (CL 1948, § 566.132).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 3 Am Jur, Appeal and Error, §§ 896, 899, 900.
[5] 49 Am Jur, Statute of Frauds, §§ 459, 497.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 10, 1950. (Docket No. 85, Calendar No. 44,881.) Decided January 8, 1951.

Assumpsit by Norman W. Reeck, doing business as Modern Installation Service, against Caloy Corporation to recover commissions. Judgment for plaintiff. Defendant appeals. Affirmed.

*Hutson, Merritt & Wells,* for plaintiff.

*Nicholas M. Michaels,* for defendant.

BOYLES, J. This suit was brought by plaintiff to recover damages from the Caloy Corporation for breach of an oral contract, claiming that the defendant had broken an agreement for plaintiff to become the exclusive distributor for the defendant's products (metal tile). The case was heard by the circuit judge without a jury and judgment entered for plaintiff for $5,642.35, and costs. Defendant appeals.

Under the circumstances, this Court does not reverse unless the testimony clearly preponderates in the opposite direction. The facts, as we have gleaned them from the exhibits and the testimony of the 2 witnesses sworn for the plaintiff (the defendant offered no testimony), are as follows:

For several years prior to 1945, the plaintiff had been engaged in the business of selling metal tile. In the fall of 1945, while plaintiff was selling Dura-Tile, as exclusive distributor for that make of tile in the State of Michigan, he was contacted by Mr. Loy, claiming to be the sales manager of the defendant Caloy Corporation, for the purpose of getting plaintiff to sell Caloy metal tile. The Caloy tile was new in the business, and plaintiff was an experienced salesman, distributor and installer of met-

al tile. At that time plaintiff was receiving 5 cents per square foot commission on all metal tile sold by Sears-Roebuck, and was also buying metal tile to sell to other customers. He was handling Dura-Tile, and Mr. Loy offered plaintiff, if plaintiff would give up Dura-Tile, the exclusive distributorship of Caloy metal tile for the State of Michigan for as long as plaintiff wanted the distributorship. Plaintiff was to buy Caloy tile from Caloy Corporation for 23 cents a square foot for resale, except for sale to Sears-Roebuck. The agreement as to Sears-Roebuck evidently is the focal point involved in this litigation and has the lack of completeness usually found in oral contracts based on conversations between the parties. Plaintiff apparently had the inside track in selling metal tile to Sears-Roebuck. It was agreed that the Caloy Corporation was to bill Caloy tile direct to Sears-Roebuck and plaintiff was to receive 5 cents a square foot commission on all Caloy tile sold to Sears-Roebuck. Incidentally, Mr. Loy told plaintiff that he had been sent by Mr. Schwartz, the merchandise manager for the plumbing department of Sears-Roebuck, and Schwartz was present during some of the negotiations. One Bill Neely, an experienced installer of metal tile who handled all the work and had supervision of metal tile installation for Sears-Roebuck, was also in on the conversations between Mr. Loy and the plaintiff.

Plaintiff accepted the Caloy offer to become exclusive distributor of Caloy tile, after further discussing the matter with the representative of Sears-Roebuck and an understanding that Sears-Roebuck would change to Caloy tile. Plaintiff obtained samples and started training Sears-Roebuck salesmen and demonstrators in selling Caloy tile. Thereafter Caloy tile was shipped to Sears-Roebuck, checked and sent out by plaintiff to the jobs with installers. While plaintiff had the exclusive distributorship of

Caloy tile for the entire State, he concentrated on Detroit and the metropolitan area, including Ann Arbor, Pontiac, Mt. Clemens and intervening areas. Plaintiff testified:

"*Q.* Will you describe what you did as to obtaining orders from outside dealers during this period?

"*A.* Nothing too much except on inquiry. We didn't force it because we concentrated, I concentrated all my efforts on the Sears-Roebuck account. Caloy started shipping promptly, but we started selling so much tile, they had to backlog a terrific amount, and their production couldn't keep up with the sale. * * * I talked over the matter of the backlog with Caloy as I was afraid we were taking orders faster than they would be able to deliver them, and I told them so."

In August, 1946, plaintiff was notified that he would not receive any further commissions from Caloy on account of sales to Sears-Roebuck, although the defendant continued to sell Caloy tile to Sears-Roebuck, but at a lower price. Plaintiff continued to build up other dealer business for Caloy. Defendant claims there was an accord and a full satisfaction of plaintiff's claims as to commission on future Sears-Roebuck sales by defendant agreeing to sell tile to plaintiff at a reduced price. The testimony does not support the claim. While Caloy continued to sell direct to Sears-Roebuck as well as to other customers, it ignored plaintiff's contract for exclusive distributorship or right to commissions. Defendant continued to make sales thereafter direct to Sears-Roebuck, without paying commissions to plaintiff. After Caloy had thus terminated the agreement plaintiff attempted to resume his distributor contract with Dura-Tile or to get a former manufacturer (Sani-Metal) account, but without success. The record supports plaintiff's claim that the defendant breached the contract.

Defendant claims that the proof of damages was entirely speculative and does not support the judgment. The testimony affords a reasonable basis for computing the damages. The determination of damages to the extent of the judgment is fully supported by the proofs and is reasonably within the range of the testimony, and will not be disturbed. Appellant claims that plaintiff's contract is not enforceable because it was not necessarily to be performed within a year.* In *Plastray Corporation* v. *Cole,* 324 Mich 433, 443 (8 ALR2d 1199), where the benefit to the plaintiff was to come in the future, and the plaintiff had given up something for which it could not receive a contemporary corresponding benefit, as consideration for the agreement, the Court said:

"In consequence, termination at any time by defendant might not leave the parties in *status quo ante* and refusal to grant specific performance would, accordingly, work a hardship and result in an injustice. *Hobbs* v. *Brush Electric Light Co.,* 75 Mich 550; *Stearns* v. *Railway Co.,* 112 Mich 651; *Raymond* v. *White,* 119 Mich 438, and *Western Newspaper Union* v. *Kitchel,* 201 Mich 121, are cases in which agreements calling for a continuing performance terminable on plaintiff's part but not on defendants' were held enforceable at law by plaintiffs because they had paid substantial considerations."

The circuit judge properly concluded that plaintiff had a contract for exclusive distribution of Caloy metal tile, and that plaintiff had paid a substantial consideration for it by giving up his distributorship of Dura-Tile and his commissions on the sale of Dura-Tile to Sears-Roebuck. The defendant breached the contract. The judgment is

---

* CL 1948, § 566.132 (Stat Ann 1949 Cum Supp § 26.922).

within the range of plaintiff's damages as shown by the testimony and is affirmed.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.

