EMIL STOLTENBERG V. STATE, EX REL. DOROTHY KRUSE.

FILED FEBRUARY 8, 1906.    No. 14,079.

Bastardy: INSTRUCTIONS. In a bastardy proceeding in which the defendant denies his guilt, the jury, if defendant so requests, should be instructed in accordance with the provisions of section 5, chapter 37, Compiled Statutes 1903, so far as applicable to the testimony, and it is error to refuse to so instruct.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed.*

*Gurley & Woodrough,* for plaintiff in error.

*Frank T. Ransom* and *Louis J. Piatti, contra.*

LETTON, C.

In a bastardy proceeding in Douglas county, the plaintiff in error was convicted of being the father of an illegitimate child. To review this judgment he prosecutes error to this court. His main contentions are that the verdict is not supported by the evidence, and that the court erred in refusing intsructions one, two and three requested by him. We deem it unnecessary to consider the point that the verdict is not supported by the evidence, since a new trial must be granted upon other grounds.

Instruction numbered 3 requested by the defendant is as follows: "The complainant is entitled to appear as a witness in her own behalf, and the question of her credibility is left to the jury; and on behalf of the defendant it is your duty to take into consideration any want of credibility in the complainant, any variations in her testimony before the justice of the peace which has been introduced as evidence in this case and her testimony before the jury, if any there be, and also any other confessions or statements which she may have made at any time, if the evidence discloses any such, which does not agree with her testimony." Section 5, chapter 37, Compiled Stat-

utes 1903 (Ann. St. 6254), provides, among other things: "At the trial of such issue the examination before the justice shall be given in evidence, and the mother of the bastard child shall be admitted as a competent witness, and her credibility be left to the jury; * * * and on the trial of the issue, the jury shall, in behalf of the man accused, take into consideration any want of credibility in the mother of the bastard child; also any variations in her testimony before the justice and that before the jury; and also any other confession of her, at any time, which does not agree with her testimony, on any other pleas or proofs made and produced on behalf of such accused person." It will be seen that the instruction is substantially a copy of the statutory provisions. This statute is in direct opposition to the rule which has been adopted by this court with regard to the trial court singling out by instructions the testimony of one witness more than another, and calling special attention to his or her credibility. We have held that it is prejudicial error to single out the testimony of any one witness more than another, and that instructions as to the weight of testimony and credibility of witnesses should be general in character. *Argabright v. State*, 49 Neb. 760. The statute relating to bastardy proceedings is a harsh and arbitrary one. The law only requires that the guilt of the accused be established by a preponderance of the evidence, and the safeguard that every criminal has that his guilt must be established beyond a reasonable doubt is not vouchsafed to the defendant. Every protection to which he is entitled by law should be given the defendant in such a case, and he is entitled to have the special attention of the jury called to the testimony of the complainant in the manner provided by the statutory provision under consideration.

It is insisted, however, that the instruction was not applicable, for the reason that there was no variation between the testimony of the complainant before the justice and that before the jury, and no confession made by her at any time which did not agree with her testimony.

There seems to be little or no variation between complainant's testimony before the justice and that given before the jury, but two witnesses testify to admissions or confessions made by the complainant, tending to show that other persons may have been guilty instead of the plaintiff in error. Under this state of evidence, we think the plaintiff in error was entitled to have an . instruction given, telling the jury that they should take into consideration any confession or admission made by complainant which did not agree with her testimony, and that it was prejudicial error. to refuse the same. Even though the entire instruction which was requested might not be applicable, still, in such a proceeding· as this, we think it was the duty of the court to give the accused the protection granted him by the statute, by giving an instruction to the jury covering the points which were called to its attention, so far as the same was made necessary by the evidence.

The judgment of the district court should be reversed and a new trial granted.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.