GEORGE E. QUINN V. MARY EDITH EGGLESTON.

FILED APRIL 18, 1906.   No. 14,286.

Bastardy: EVIDENCE: VARIANCE: INSTRUCTION: REVIEW.  Where there
is a variance between the testimony of the complaining witness
given at the preliminary and her testimony· at the trial in a
bastardy proceeding, if the defendant requests the court to in-
struct the jury on this variance as affecting the credibility of the
complainant, it is error to refuse such instruction.

ERROR to the district court for Franklin county:  ED L.
ADAMS, JUDGE.  *Reversed.*

*Dorsey & McGrew,* for plaintiff in error.

*G. W. Prather, contra.*

OLDHAM, C.

This was a bastardy proceeding instituted by Mary
Edith Eggleston against defendant, George E. Quinn, in
which she charged the defendant with being the putative
father of a bastard child born to her on October 1, 1904.
There was a trial of the issues to the court and jury, with
a verdict of guilty, judgment on the verdict; and to re-
verse this judgment defendant brings error to this court.

The first allegation of error called to our attention in
the brief of defendant is that there is not sufficient evi-
dence to support the judgment.  An examination of the
testimony contained in the bill of exceptions convinces us
that there is sufficient competent evidence to sustain the
verdict,  and that the trial court did not err in refusing to
direct a verdict for defendant when the testimony was all
in.

The only question urged in the brief that we think chal-
lenges serious consideration was the refusal of the trial
court to instruct the jury, at defendant's request, as fol-
lows:  "You are instructed that if you find from the evi-
dence that plaintiff made statements at her examination
before the county judge differing from her testimony given

before you at this trial, you have the right to consider such evidence as evidence tending to impeach the truth of plaintiff's testimony." In *Stoltenberg v. State,* 75 Neb. 631, on complaint of Dorothy Kruse, the question of defendant's right to have the provisions of section 5, ch. 37, Comp. St. 1903, given in instruction to the jury, when requested, was before this court and considered in a carefully prepared opinion by LETTON, C., and it was held error to refuse to instruct in accordance with any of these provisions, when any such instruction was requested and was applicable to the testimony offered. In the case at bar, the child was born on the 1st day of October, 1904. At the preliminary examination, the complainant gave different dates at which she claimed to have had sexual intercourse with the defendant in the months of October and November, 1903, but gave no date of intercourse in the month of December following. At the trial in the district court, the complaining witness testified to having intercourse with defendant about the 23d of December, 1903. while it is true, as contended by counsel for the complainant, that the fact of intercourse in December is not necessarily contradictory of anything testified to at the preliminary examination, yet there is a substantial difference between the testimony given at the preliminary and at the trial. In view of this fact, we think that, under the doctrine announced by this court in *Stoltenberg v. State, supra,* the court should have given the instruction requested, or one of similar import. As we view it, where there is material variance between the testimony given at the preliminary and the testimony given at the trial in a bastardy proceeding, if the defendant requests the court to instruct the jury on this variance as affecting the credibility of the complainant, it is error to refuse such instruction.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.