MARY EDITH EGGLESTON, APPELLEE, V. GEORGE E. QUINN, APPELLANT.

FILED APRIL 23, 1908.   No. 15,161.

1. Bastardy: PLEA IN ABATEMENT. A p'ea in abatement cannot be used to raise the question of the sufficiency of the evidence to warrant holding a party for trial on the charge of being the father of an illegitimate child.

2. ———: DIRECTING VERDICT. Unless the evidence produced on the trial of a party charged with bastardy is of such a nature that the only rational conclusion to be drawn therefrom is that the charge against him has not been sustained, the court is not in error in refusing to direct a verdict in his favor.

3. ———: INSTRUCTIONS. It is error for the court to instruct the jury that the defendant on trial for bastardy must establish by a preponderance of the evidence the fact that he was not present at the time and place where prosecutrix claims the child was begotten.

APPEAL from the district court for Franklin county. ED L. ADAMS, JUDGE. Reversed.

Dorsey & McGrew, for appellant.

George W. Prather, contra.

DUFFIE, C.

The plaintiff filed a complaint charging the defendant with being the father of her illegitimate child. The jury found the defendant guilty as charged, and the district court entered judgment requiring the defendant to pay the plaintiff $850 in certain instalments and to give

security to the satisfaction of the court for the performance of the judgment. Defendant has appealed.

The defendant filed a plea in abatement, asserting that the district court had no jurisdiction to try the case, for the reason that on the preliminary hearing no facts were disclosed connecting him with the parentage of the child. The court overruled the plea, and this ruling is assigned as error. We do not think there was any error in the ruling of the court. A plea in abatement is not a proper proceeding to raise the question of the sufficiency of the evidence to warrant the holding of the defendant for trial in the district court. If the evidence taken before the examining magistrate was fatally defective in connecting the defendant with the charge alleged in the complaint, he might obtain his discharge on habeas corpus, but the office of a plea in abatement is not to discover whether a party charged with a crime or with the parentage of an illegitimate child is held on sufficient evidence to put him on trial in the district court.

The only evidence offered in behalf of the plaintiff was that of the prosecutrix herself, and, after her testimony had been heard, the defendant moved for a directed verdict acquitting him of the charge. An examination of the bill of exceptions compels us to say that the evidence offered in support of the charge was not of a satisfactory character, but we cannot say that it was so entirely lacking in credibility or directness as to warrant the court in taking the case from the jury. We cannot affirm that the testimony of the plaintiff could lead 12 reasonable minds to but one conclusion, namely, that the charge against him had not been established.

The prosecutrix on the preliminary examination testified that her child was born October 1, 1904, and that the last intercourse between herself and defendant that she could recall was had November 5, 1903. On the trial she testified that her last intercourse with the defendant was on or about December 23, 1903. The defendant

offered evidence which would warrant the jury in find-
ing that he was not present at the time and place where
complainant alleged the last intercourse between them
took place. In his instructions to the jury the court in
dealing with this phase of the case said (instruction No.
2) : "The defendant, in addition to the general denial,
has made the defense of what in law is called an alibi;
that is, at the time and place the charge is attempted
to be proved that he begot the child that he was at
another place, and therefore could not have committed
the act which would have made him the father of the
child. If he has satisfied you of the truth of that propo-
sition by the preponderance of the evidence, then the
verdict should be not guilty." The action was a civil
action, requiring the complainant to establish by a pre-
ponderance of the evidence the fact that the defendant
was the father of her illegitimate child. A plea of not
guilty entered by the defendant was equivalent to a gen-
eral denial of the charge. Under this plea any evidence
given to rebut the testimony offered by the plaintiff was
admissible. The evidence that he was not present at
the time and place where the complainant testified that
the intercourse between them took place was competent
and material evidence to rebut the charge. Any com-
petent evidence which the defendant could adduce which
rebutted the complainant's testimony, and was of equal
weight and credibility with her own, entitled him to a
verdict. He was not required to establish his defense
by a preponderance of the evidence. Unless the testi-
mony produced by the plaintiff, showing that the de-
fendant was present at the time and place where she
claimed the intercourse which begot her child occurred,
was of more weight and credit than the evidence offered
by the defendant that he was not present at such time
and place, he was entitled to a verdict, and the court
erred in telling the jury that the burden was on him to
rebut the plaintiff's evidence in that regard by a pre-
ponderance of the evidence.

Error is also alleged in the refusal of the court to give the sixteenth instruction asked by the defendant. The record shows on its face that this instruction was given by the court, but the clerk certifies that this instruction was found among the instructions refused, and that to the best of his knowledge it was not given by the court. We cannot accept the certificate of the clerk as against the record presented for review. If the record does not present the facts as they occurred, the plaintiff should have moved the district court for a correction of the record, so that it might recite the true history of the case.

Other errors alleged need not be examined, as another trial will have to be had because of error in giving the second instruction. On another trial the court will undoubtedly use great care in the instructions given and in considering the instructions asked by the parties. A further discussion of the case would result in no benefit either to the parties or to the profession. We recommend a reversal of the judgment of the district court and remanding the cause for another trial.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.