MARY EDITH EGGLESTON, APPELLEE, V. GEORGE E. QUINN, APPELLANT.

FILED MARCH 16, 1911.   No. 16,355.

Appeal: EVIDENCE: SUFFICIENCY. The only question presented upon this record is as to the sufficiency of the evidence to support the verdict. Upon examination of the evidence, it is *held* that there is not such a failure of evidence as to justify this court in setting aside the judgment.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*W. C. Dorsey,* for appellant.

*G. W. Prather* and *A. H. Byrum, contra.*

SEDGWICK, J.

The defendant has appealed from the judgment of the district court for Franklin county adjudging him to be the putative father of the plaintiff's bastard child. The case has twice before been in this court upon the defendant's appeal. The judgment was first reversed because of an error in the trial court in refusing to give an instruction requested by the defendant. *Quinn v. Eggleston,* 76 Neb. 409. The second time it was reversed because by one of the instructions of the court the burden of proof upon a particular issue was erroneously placed upon the defendant. *Eggleston v. Quinn,* 81 Neb. 457. Upon this appeal the defendant insists that the evidence is not sufficient to support the verdict. Upon both former appeals this court took occasion to say that the judgment was supported by sufficient evidence. It is now insisted that there was some additional evidence upon the last trial tending to show that the defendant was not the father of the child, and that the evidence therefore is not as convincing as upon the former appeals.

The plaintiff's testimony showed that these parties began their illicit intimacy early in the spring of 1903, and continued until about the 23d or 24th of December of that year. The child was born October 1, 1904. If the court assumes that the ordinary period of gestation is 280 days, that period began on December 25. If the court, in the absence of evidence, takes judicial notice of the usual duration of this period, it will also consider that in the course of nature this period not infrequently varies from the ordinary duration.

From about the end of the first week in November to the very latter part of December the plaintiff lived in several different families as a domestic. Upon her cross-

examination she was questioned severely as to the particular times of going from one family to another. From her answers to these questions and her testimony as to whether she was with the defendant while she was living at these respective places, it is argued that she herself has testified in this cross-examination to facts that render it impossible that her principal story can be true. She names various places where she says that they were together during the time that their intimacy continued, and testifies that they were together in the latter part of December, but admits that she cannot state what particular place it occurred during that month. This evidence is not so strong as to establish the necessary facts beyond doubt, but it must be remembered that this is a civil action, and only a preponderance of evidence is required. While the defendant denies that he was with the plaintiff at all in December, he does not deny the continuous frequency of their illicit relations during the period of several months. He merely says that these relations were discontinued about 30 days sooner than the plaintiff testifies. She testifies positively that she never had such relations with any man other than defendant, and there is no evidence that she ever did.

We think that the case was properly submitted to the jury, and, there being no error in the record, the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.