BETTY C. NELSON, APPELLANT, v. FLOYD SPRATT, APPELLEE.

FILED DECEMBER 29, 1916.   No. 19016.

1. **Bastardy:** TRIAL: INSTRUCTIONS. In the trial of a bastardy case it is the duty of the court, when requested, to give the jury a cautionary instruction in accordance with section 361, Rev. St. 1913.

2. ———: ———: ———. After giving such an instruction it is prejudicial error to charge the jury that, if they find that the plaintiff has testified falsely in regard to any material fact, they may disregard all of her testimony, unless the same be corroborated by other testimony or evidence.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed.*

*Fred H. Free,* for appellant.

*Kelsey & Rice,* contra.

BARNES, J.

This was an action commenced by Betty C. Nelson, an unmarried woman, against Floyd Spratt, charging him with being the father of her bastard child. The cause was tried to a jury in the district court for Antelope county. The jury returned a verdict of not guilty, and the defendant was discharged. The plaintiff has brought the case to this court by an appeal.

Among the numerous errors complained of, plaintiff contends that the trial court erred in charging the jury as follows: "Instruction No. 3. Requested by defendant. You are instructed that, if you find that the plaintiff has testified falsely in regard to any material fact, you may disregard all of her testimony, unless the same be corroborated by other testimony or evidence."

Appellant's argument is that this instruction is erroneous, because it singles out and calls attention to her evidence alone, and states that the jury may entirely disregard it. It is further contended that the rule, *"falsus in uno, falsus in omnibus,"* is not correctly stated, because the words "has knowingly testified falsely to a material fact" are omitted. This question was before the court in *Argabright v. State,* 49 Neb. 760, where it was said: "The jury are the sole judges of the credibility of witnesses, and it is error for a trial court, in a criminal case, to single out a particular witness for the defense, by name, and give to the jury a cautionary instruction which applies directly to his testimony the rule of *'falsus in uno, falsus in omnibus.'* "

Appellee contends that this rule has no application in civil cases; that, this being a civil case, the rule should be disregarded. In 38 Cyc. 1736, the rule in civil cases is stated as follows: "The instruction must be general and extend to all witnesses, whether testifying in person at the trial or by deposition. A proposition of law laying down a rule of evidence should be given in general terms, and not stated as being applicable to one certain witness or to one class of witnesses." In 1 Thompson,

Trials (2d ed.) sec. 2423, it is said: "It is accordingly error, in formulating a cautionary instruction under this head, to omit the words 'knowingly,' 'wilfully,' 'intentionally,' or some equivalent expression. The judge is not at liberty to say: 'If you find that the testimony of A. B. was false,' etc., 'you may disregard all his evidence.' "

It is defendant's contention that this rule is abrogated by section 361, Rev. St. 1913, and by the declaration of this court in *Stoltenberg v. State,* 75 Neb. 631, and *Quinn v. Eggleston,* 76 Neb. 409.

Section 361 provides: "When such accused person shall plead not guilty, * * * the court shall order the issue to be tried by a jury; and at the trial of such issue the examination before the justice shall be given in evidence, and the mother of the bastard child shall be admitted as a competent witness, and her credibility be left to the jury: * * * and on the trial of the issue the jury shall in behalf of the man accused, take into consideration any want of credibility in the mother of the bastard child; also any variations in her testimony before the justice and that before the jury; and also any other confession of her, at any time, which does not agree with her testimony, or any other plea or proofs made and produced on behalf of such accused person."

In *Stoltenberg v. State, supra,* the provisions of the foregoing section were considered, and it was held: "In a bastardy proceeding in which the defendant denies his guilt, the jury, if the defendant so requests, should be instructed in accordance with the provisions of section 5, ch. 37, Comp. St. 1903, so far as applicable to the testimony, and it is error to refuse to so instruct." The same rule was announced in *Quinn v. Eggleston, supra.* The record in the case at bar shows that the court properly instructed the jury as provided by section 361, and in this no error was committed. It has never been held by us that the trial court should be permitted to give an instruction like the one of which plaintiff complains.

When the trial court has charged the jury as required by section 361, the rights of the defendant will have been fully protected, and it is reversible error to single out the plaintiff and charge the jury that, if they believe she has sworn falsely as to any material fact, they may disregard all of her testimony, unless the same be corroborated by other testimony or evidence.

When we consider the fact that plaintiff's intercourse with the defendant might be known only to the parties themselves, and her testimony as to that fact could not ordinarily be corroborated by the direct testimony of other witnesses, it is apparent that the giving of the instruction complained of might be prejudicial.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., not sitting.