GLADYS BAILEY, APPELLEE, v. SCOTT HURTT, APPELLANT.

FILED NOVEMBER 17, 1917.    No. 19708.

1. **Appeal:** CONFLICTING EVIDENCE. Where there is competent evidence to sustain the verdict, the judgment of the trial court will not be disturbed, even though the testimony conflicts on a material point.

2. ———: INSTRUCTIONS. Where the trial court in its instructions has stated the law that is applicable to the issues raised by the pleadings and the testimony, a party to the action cannot predicate error upon the failure of the court to instruct the jury upon a particular point in the absence of a request therefor.

3. **Bastardy:** EVIDENCE. "Evidence of the unchastity of a complainant in a bastardy proceeding, outside the period of gestation, is irrelevant to the issues presented for trial." *State v. O'Rourke,* 85 Neb. 639.

APPEAL from the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*John Stevens* and *O. E. Shelburn,* for appellant.

*Lambe & Butler, contra.*

DEAN, J.

Gladys Bailey is an unmarried woman who resides in Furnas county. She filed a complaint charging Scott Hurtt with the paternity of a bastard child born to her July 12, 1915. She recovered a judgment for $1,200, from which he has appealed.

Plaintiff testified that she met defendant on the evening of October 2, 1914, at a dance at Wilsonville, and that after the dance was over she accepted his offer to escort her in his buggy to her father's home, distant about 5 miles, and that on their way home the offense was committed. Defendant introduced testimony tending to prove that on the night in question he was at a party given by some friends in Beaver City, and he denied that he was in the company of Miss Bailey at any time during that night, or that he ever committed the offense charged. He admitted that he once escorted her from a dance at Wilsonville to her home, but he says it was about two weeks before the time named by her at the trial. The testimony with respect to these discrepancies was all fairly submitted to the jury, and any doubt that may theretofore have existed on this point was dispelled by the verdict.

It is argued by defendant that the jury could not properly find from the testimony that the bastard child was born alive. This contention cannot prevail, for the obvious reason that the babe was at the county seat at the time of the trial, but was not in the courtroom. It would serve no good purpose to analyze the testimony at greater length. We find that it supports the verdict, and with that we are content.

Defendant contends that the court erred in instructing the jury that the plaintiff's reputation for chastity was not a proper subject for their inquiry, and insists that "this should have been considered by the jury in judging her credibility as a witness." On this point the jury were correctly informed that the chastity of the complaining witness was not one of the issues in the case. *Clow v. Smith,* 85 Neb. 668; *State v. O'Rourke,* 85 Neb. 639. He also argues that the instructions state the law incorrectly with respect to the credibility of the respective witnesses where the testimony conflicts on points that are material. This contention is obviously without merit in view of the explicit instruction No. 3, given evidently in pursuance of the provisions of section 361, Rev. St. 1913, and also in view of instruction No. 5 wherein the jury are correctly informed on the points to

which defendant calls our attention. *Nelson v. Spratt,* 100 Neb. 690.

The court instructed the jury fully on all of the issues properly triable by it. Defendant requested no instructions, and, in view of those given, he cannot now be heard to urge that additional instructions should have been given.

Finding no reversible error, the judgment of the trial court is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.